1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRYAN E. RANSOM,

11              Plaintiff,                No. CIV S-08-1225 WBS GGH P

12        vs.

13   A. ALBRITTON, et al.,

14              Defendants.          FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is plaintiff's May 22, 2008, motion for an emergency

18   preliminary injunction.  For the following reasons, the court recommends that this motion be

19   denied.

20   Legal Standards for Injunctive Relief

21              The legal principles applicable to a request for injunctive relief are well

22   established.  To prevail, the moving party must show either a likelihood of success on the merits

23   and the possibility of irreparable injury, or that serious questions are raised and the balance of

24   hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122

25   F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

26   1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal

1   point being the degree of irreparable injury shown.  <u>Oakland Tribune</u>, 762 F.2d at 1376.  "Under

2   any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

3   irreparable injury."  <u>Id.</u>  In the absence of a significant showing of possible irreparable harm, the

4   court need not reach the issue of likelihood of success on the merits.  <u>Id.</u>

5            In cases brought by prisoners involving conditions of confinement, any

6   preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

7   harm the court finds requires preliminary relief, and be the least intrusive means necessary to

8   correct the harm."  18 U.S.C. § 3626(a)(2).

9   <u>Analysis</u>

10           On May 22, 2008, plaintiff filed the original complaint and a motion for an

11   emergency preliminary injunction.  The complaint has not yet been served on defendants.

12           In the motion for injunctive relief and the complaint, plaintiff alleged that at some

13   previous time he was erroneously placed in a sensitive needs yard/protective custody (SNY/PC)

14   for six months.  Plaintiff alleged that before this error could be corrected, prison officials

15   divulged this information to the general population of the California Department of Corrections

16   and Rehabilitation (CDCR).  Plaintiff alleged that the SNY/PC label is the equivalent of a "snitch

17   jacket."

18           Plaintiff alleged that in an attempt to cover-up the housing mistake, he was sent to

19   the security housing unit at Corcoran State Prison on the false pretext that he had refused to

20   program.  Plaintiff alleged that on October 25, 2007, defendants ordered that he be transferred to

21   the general population at High Desert State Prison (HDSP).  On January 2, 2008, plaintiff was

22   transferred to HDSP.

23           Plaintiff alleged that he suffered a serious risk of harm from other inmates if he

24   continued to be housed in the general population at HDSP because inmates knew that he was

25   housed in the SNY/PC.

26   /////

1          On July 16, 2008, the court issued an order granting defendants twenty days to

2   respond to plaintiff's request for injunctive relief.  On July 28, 2008, defendants filed a response.

3   Defendants state that what plaintiff failed to mention is that the assignment to SNY/PC took

4   place over eight years ago and that he has since been transferred three times.  Defendants also

5   state that plaintiff failed to mention that his assignment to SNY/PC was at his own request and

6   that once assigned, he refused to be housed with either SNY/PC or general population inmates.

7   Defendants also claimed that plaintiff had made the same allegations in another case filed in the

8   Fresno Division of this court.  Defendants argued that the motion should be denied because

9   plaintiff failed to show a serious risk of harm or likelihood of success on the merits.

10          On September 8, 2008, defendants filed a supplemental points and authorities in

11   support of their opposition.  Defendants state that on August 27, 2008, the Department Review

12   Board (DRB) ordered plaintiff placed in the Security Housing Unit (SHU) at California State

13   Prison-Corcoran for at least the next two years.  Defendants state that plaintiff has been housed in

14   administrative segregation at HDSP since January 30, 2008, where he will remain pending his

15   transfer.

16          In the pending motion for injunctive relief, plaintiff claimed that he faced danger

17   if housed in the general population at HDSP.  However, plaintiff has been in administrative

18   segregation since January 20, 2008, where he will remain pending his transfer to the Corcoran

19   SHU.  According to defendants, plaintiff will remain housed in the Corcoran SHU for at least

20   two years.  Under these circumstances, the court finds that plaintiff has not demonstrated the

21   possibility of irreparable harm if the court does not grant his motion for injunctive relief.  While

22   it appears that the merits of plaintiff's case may be questionable based on the length of time since

23   the alleged SNY/PC label, the court need not reach this issue.

24          Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's May 22, 2008,

25   motion for a preliminary injunction (# 3) be denied.

26   /////

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within ten days after service of the objections.  The parties are advised

7  that failure to file objections within the specified time may waive the right to appeal the District

8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:  10/06/08

                                    /s/ Gregory G. Hollows

10                                   _____

11                                   UNITED STATES MAGISTRATE JUDGE

12

13  ransom.pi

14

15

16

17

18

19

20

21

22

23

24

25

26