**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BRYAN E. RANSOM, | ) | 2:08-cv-01225-HDM-RAM |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| ALBRITTON, et al., | ) | |
| Defendants. | ) | |

Plaintiff is a state prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is the defendants' motion to dismiss filed on December 26, 2008 (#31). The plaintiff has not opposed the motion.[1]

Plaintiff initiated this action on May 22, 2008, filing both a complaint and a motion for an emergency preliminary injunction. The complaint and motion sought injunctive relief, alleging deliberate

---

[1] Plaintiff was advised of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies by the court's order dated October 8, 2008.

1

indifference to a substantial risk of harm in violation of plaintiff's Eighth Amendment rights. Specifically, plaintiff alleged that he was erroneously placed in the Sensitive Needs Yard ("SNY") for six months, that such placement is equivalent to being labeled a "snitch jacket" and attaches a "lethal stigma" to those placed therein, and that his placement was divulged to the general population of the California Department of Corrections and Rehabilitation ("CDCR"). According to plaintiff, prison officials could not return him to the general population, but they also could not retain him in SNY, so in order to "cover up" their mistake, prison officials placed plaintiff in the Security Housing Unit ("SHU") of California State Prison-Corcoran ("Corcoran") on the pretext that he refused "to program." Then, on October 25, 2007, defendants ordered plaintiff transferred to general population at High Desert State Prison ("HDSP"); the transfer took place on January 2, 2008.

In their supplemental opposition to the plaintiff's motion for preliminary injunction, defendants noted that plaintiff was in HDSP's general population for less than a month, until January 30, 2008, after which he was moved to administrative segregation. Defendants explained that plaintiff would remain in administrative segregation until they transferred him to Corcoran SHU, where he would remain for at least two years.

Given that plaintiff was in no immediate danger of being transferred to the general population, the magistrate judge found plaintiff had not shown a possibility of irreparable harm and recommended that his motion for preliminary injunction be denied. This court adopted the magistrate judge's findings and

2

1  recommendations on December 9, 2008.

2  On November 24, 2008, plaintiff filed a first amended
3  complaint.  The complaint seeks compensatory, declaratory, and
4  injunctive relief, as well as punitive damages, for the following
5  alleged constitutional violations: (1) deliberate indifference
6  under the Eighth Amendment; (2) due process violation under the
7  Fourteenth Amendment; and (3) retaliation under the First
8  Amendment.  Defendants filed the present motion to dismiss the
9  first amended complaint on December 26, 2008.

10  Plaintiff's first claim for relief is identical to that
11  asserted in his original complaint – namely that he was erroneously
12  placed in SNY for six months and then transferred to the general
13  population at HDSP.  His second claim for relief alleges denial of
14  due process and retaliatory transfer.  Specifically, plaintiff
15  asserts that on August 27, 2008, he was transferred from HDSP to
16  Corcoran SHU and assessed an indeterminate SHU term in retaliation
17  for his filing the motion for preliminary injunction in this
18  action, and that he was denied an opportunity to present his views
19  on both the transfer and the term of his SHU placement.

20  Defendants move to dismiss on two grounds: (1)failure to state
21  a claim upon which relief may be granted; and (2) failure to
22  exhaust administrative remedies.

23  **Failure to State a Claim**

24  Defendants assert that plaintiff's first claim for relief,
25  alleging violations of his Eighth Amendment rights on account of
26  his placement in the special needs yard, should be dismissed for
27  failure to state a claim.  Specifically, defendants argue plaintiff
28  has failed to allege that he suffered any physical injury, and that

3

he may therefore not recover compensatory damages with respect to this claim.

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court can grant the motion only if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

The allegations of a *pro se* plaintiff's complaint are held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*). "Specific facts are not necessary" in a *pro se* complaint; the complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal punctuation and citations omitted). Even so, "a liberal interpretation of a *pro se* civil rights complaint may not supply essential elements of a claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)

4

1  (internal punctuation omitted) (italics added).

2      Plaintiff does not appear to be asserting a claim for
3  compensatory damages under his first claim for relief.  Rather, the
4  first claim appears limited to claims for declaratory and
5  injunctive relief.  However, to the extent plaintiff does seek
6  compensatory damages, his complaint fails to adequately state a
7  claim for such damages.  The Eighth Amendment requires prison
8  officials to take reasonable measures to guarantee the safety of
9  prisoners, including protection from violence at the hands of other
10 prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  To
11 prevail on such a claim, the plaintiff must show: (1) the
12 deprivation alleged is objectively, sufficiently serious; and (2)
13 the prison official is subjectively, deliberately indifferent to
14 inmate safety.  *Id*. at 834.  Plaintiff does not allege that he
15 suffered any physical harm as a result of his release into the
16 general population, and to the extent he claims the harm suffered
17 is mental or emotional, such claim is barred by the Prison
18 Litigation Reform Act ("PLRA").  *See* 42 U.S.C. § 1997e(e) ("No
19 federal civil action may be brought by a prisoner confined in a
20 jail, prison, or other correctional facility, for mental or
21 emotional injury suffered while in custody without a prior showing
22 of physical injury.").  Plaintiff has therefore not alleged an
23 objectively, sufficiently serious harm necessary to state an Eighth
24 Amendment claim for compensatory damages, and any such claim is
25 dismissed.

26     As to plaintiff's claims for declaratory and injunctive
27 relief, defendants assert plaintiff's transfer to the Corcoran SHU
28 render such claims moot.  A prisoner need not wait until actually

5

being assaulted to obtain injunctive relief concerning serious risks to his or her safety.  *Farmer*, 511 U.S. at 845.  To obtain injunctive relief, the plaintiff must show that at the time relief will be granted there is still a serious, present risk to the inmate, and that prison officials are still acting with deliberate indifference to that risk.  *Id.* at 845-47.

Plaintiff seeks an injunction: (1) barring defendants from housing him in any general population; (2) barring defendants from housing him any segregated housing unit; (3) referring plaintiff's case for a recall of commitment.  There is no basis for injunctive or declaratory relief with regard to the second and third requests.  Plaintiff has not identified or alleged any risk of harm arising from his placement in the SHU, and his request for a recall of commitment is without merit.

However, the court reserves a decision on the merits of plaintiff's request for an injunction barring defendants from placing him in the general population.  Because the defendants in their opposition to plaintiff's motion for preliminary injunction have provided evidence outside the pleadings that addresses the dates plaintiff was in the general population at HDSP and his expected tenure in the Corcoran SHU, and because their motion to dismiss relies on such evidence, the court will construe the motion to dismiss as a motion for summary judgment.  The plaintiff will be given up to and including March 12, 2009, in which to file any response with respect to his claim for injunctive relief relative to his placement in the general population and to counter any of the evidence provided by the defendants.

Accordingly, plaintiff's first claim for relief is dismissed

6

to the extent it seeks compensatory damages and insofar as he seeks injunctive relief barring defendants from placing him in SHU and referring his case for a recall of commitment. The court reserves on plaintiff's claim for injunctive relief insofar as he seeks to prohibit defendants from placing him in the general population.

**Failure to Exhaust Administrative Remedies**

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is a prerequisite to all suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). There must be "proper exhaustion" of available administrative remedies, meaning the inmate must "us[e] all steps the agency holds out. . . ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).[2]

Failure to exhaust nonjudicial remedies is treated as a matter in abatement and is subject to an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss on such grounds, "the court may look beyond the

---

[2] Prisoners in the State of California have the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Admin. Code tit. 15, § 3084.1(a). To exhaust administrative remedies in the California system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second-level appeal to the institution head or designee; and (4) third-level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision from the Director's level of review satisfies the exhaustion requirement. *Kirkpatrick v. Ayers*, 2007 WL 2694179, at *1 (N.D. Cal. 2007) (unpublished disposition).

pleadings and decide disputed issues of fact." *Id.* at 1120.  If the court finds the prisoner has not exhausted his administrative remedies, the proper remedy is dismissal without prejudice.  *Id.*

As failure to exhaust administrative remedies is an affirmative defense, defendants bear the burden of raising and proving the absence of exhaustion. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005) (quoting *Wyatt*, 315 F.3d at 1119).  Further, before the court can find a failure to exhaust, the defendants must prove that "*some* relief remained available" that the prisoner failed to pursue, "whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process."  *Id.* at 936-37 (emphasis original).

Plaintiff initiated this action on May 22, 2008.  His second claim for relief alleges retaliatory transfer and due process violations from conduct that occurred on August 27, 2008.  Given that the conduct plaintiff complains of in his second claim for relief occurred after he initiated this action, it is temporally impossible that he exhausted his administrative remedies with regard to that claim. Accordingly, the defendants' motion to dismiss plaintiff's second claim for relief for failure to exhaust administrative remedies is granted.

**Appointment of Counsel**

In his complaint plaintiff requests appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S.*

8

*Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. *Id.* Therefore, plaintiff's request for appointment of counsel is denied.

**Conclusion**

Accordingly, IT IS ORDERED:

1. Defendants' motion to dismiss plaintiff's first claim for relief for failure to state a claim is granted to the extent it seeks compensatory damages and insofar as its

9

    seeks declaratory and injunctive relief relating to plaintiff's placement in SHU and his request for a recall of commitment;

2. Defendants' motion to dismiss plaintiff's second claim for relief for failure to exhaust administrative remedies is granted;

3. Plaintiff's request for appointment of counsel is denied; and

4. Plaintiff shall have up to and including March 11, 2009, in which to file an opposition to the defendants' motion for summary judgment on his claim for injunctive relief.

DATED: This 24th day of February, 2009.

          *Howard D. McKibben*
          _____
          UNITED STATES DISTRICT JUDGE