**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BRYAN E. RANSOM, | ) | 2:08-cv-01225-HDM-RAM |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| ALBRITTON, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is the plaintiff's motion to vacate (#37) and motion for an extension of time (#36), both filed on March 16, 2009.

Plaintiff moves to vacate this court's order of February 24, 2009, which granted in part defendant's motion to dismiss, on the grounds that he was not served with a copy of the motion and only learned of it upon receipt of the court's February 24, 2009, order. He states that if given the chance he would argue that his second claim for relief should not be dismissed for failure to exhaust

1

administrative remedies because there were no available administrative remedies relative to that claim. Specifically, he argues that decisions of the Departmental Review Board ("DRB") are not appealable and conclude the inmate's departmental administrative remedy. Plaintiff makes no argument regarding his first claim for relief.

The court has reviewed the arguments and authority cited by plaintiff in his motion to vacate, and reaffirms its February 24, 2009 decision granting in part defendants' motion to dismiss. As noted in the court's prior order, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is a prerequisite to all suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). Even assuming plaintiff was not required to file an appeal regarding his second claim for relief, exhaustion of the claim occurred no earlier than the time of the complained-of conduct, which was after plaintiff initiated this action. Plaintiff's second claim for relief was therefore not exhausted before he initiated this action. Any opposition filed by the plaintiff would not change the court's determination of this issue. Accordingly, plaintiff's motion to vacate (#37) is denied. The proper procedure is for plaintiff to initiate a new action based on the conduct underlying his second claim for relief.

Defendants' motion to dismiss plaintiff's claim for injunctive relief seeking to bar defendants from housing plaintiff in any

general population remains pending. The court has converted that portion of defendants' motion into a motion for summary judgment. Plaintiff's motion for an extension of time to respond to only that remaining claim is granted. Plaintiff shall have up to and including Thursday, April 30, 2009, in which to file any response with respect to his claim for injunctive relief relative to his placement in the general population and to counter any of the evidence provided by the defendants.[1]

Accordingly, IT IS ORDERED:

1. Plaintiff's motion to vacate is DENIED.
2. Plaintiff's motion for an extension of time is GRANTED in part. Plaintiff shall have up to and including Thursday, April 30, 2009, in which to file any response with respect to his claim for injunctive relief relative to his placement in the general population and to counter any of the evidence provided by the defendants.
3. The clerk of the court is directed to serve on plaintiff a copy of the defendant's motion to dismiss (#31).

DATED: This 10th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff was advised of the requirements for opposing a motion for summary judgment in the court's order dated October 8, 2008.

3