UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, ) | 2:08-cv-01225-HDM-RAM |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| ALBRITTON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

   Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order dated February 24, 2009, the court granted in part the defendants' motion to dismiss (#31). The court converted the remainder of the motion to a motion for summary judgment and granted plaintiff up to and including March 11, 2009, in which to file an opposition. Through subsequent orders the court has granted plaintiff up to and including May 22, 2009, in which to oppose the motion. As of this date, plaintiff has not filed any opposition. Nothing in plaintiff's motion to vacate filed on March 17, 2009, responds to

1

1  the sole issue left in this case, namely plaintiff's request for an
2  injunction barring his placement in general population.
3       Plaintiff initiated this action on May 22, 2008, filing both a
4  complaint and a motion for an emergency preliminary injunction. The
5  complaint and motion sought injunctive relief, alleging deliberate
6  indifference to a substantial risk of harm in violation of
7  plaintiff's Eighth Amendment rights.  Specifically, plaintiff
8  alleged that he was erroneously placed in the Sensitive Needs Yard
9  ("SNY") for six months, that such placement is equivalent to being
10 labeled a "snitch jacket" and attaches a "lethal stigma" to those
11 placed therein, and that his placement was divulged to the general
12 population of the California Department of Corrections and
13 Rehabilitation ("CDCR").  According to plaintiff, prison officials
14 could not return him to the general population, but they also could
15 not retain him in SNY, so in order to "cover up" their mistake,
16 prison officials placed plaintiff in the Security Housing Unit
17 ("SHU") of California State Prison-Corcoran ("Corcoran") on the
18 pretext that he refused "to program."  Then, on October 25, 2007,
19 defendants ordered plaintiff transferred to general population at
20 High Desert State Prison ("HDSP"); the transfer took place on
21 January 2, 2008.
22      In their supplemental opposition to the plaintiff's motion for
23 preliminary injunction, defendants noted that plaintiff was in
24 HDSP's general population for less than a month, until January 30,
25 2008, after which he was moved to administrative segregation.
26 Defendants explained that plaintiff would remain in administrative
27 segregation until they transferred him to Corcoran SHU, where he
28

2

1  would remain for at least two years.[1]

2     On November 24, 2008, plaintiff filed a first amended
3  complaint.  The defendants filed their motion to dismiss the
4  complaint on December 28, 2008.  The court granted the motion with
5  respect to plaintiff's second claim for relief.  It also granted
6  the motion with respect to claim for injunctive relief insofar as
7  it sought to bar defendants from housing plaintiff in any
8  segregated housing unit and to have his case referred for a recall
9  of commitment, and to the extent he sought compensatory damages.
10 Finally, it granted the motion for summary judgment insofar as
11 plaintiff was seeking compensatory damages in connection with his
12 first claim for relief.  The court reserved judgment on plaintiff's
13 claim seeking declaratory and injunctive relief regarding any
14 future placement in the general population, converting that part of
15 defendants' motion to a motion for summary judgment.

16    Summary judgment "shall be rendered forthwith if the
17 pleadings, depositions, answers to interrogatories, and admissions
18 on file, together with the affidavits, if any, show that there is
19 no genuine issue as to any material fact and that the moving party
20 is entitled to judgment as a matter of law."  Fed. R. Civ. P.
21 56(c).  The burden of demonstrating the absence of a genuine issue
22 of material fact lies with the moving party, and for this purpose,
23 the material lodged by the moving party must be viewed in the light
24 most favorable to the nonmoving party.  *Adickes v. S.H. Kress &*

---

[1] Given that plaintiff was in no immediate danger of being transferred to the general population, the magistrate judge found plaintiff had not shown a possibility of irreparable harm and recommended that his motion for preliminary injunction be denied.  This court adopted the magistrate judge's findings and recommendations on December 9, 2008.

3

*Co.*, 398 U.S. 144, 157 (1970); *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Lynn v. Sheet Metal Workers Int'l Ass'n,* 804 F.2d 1472, 1483 (9th Cir. 1986); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50 (citations omitted). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir. 1978); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993) ("[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free . . . to grant summary judgment."). Moreover, "[i]f the factual context makes the non-moving party's claim of a disputed fact implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial." *Blue Ridge Ins. Co. v. Stanewich*,

142 F.3d 1145, 1149 (9th Cir. 1998) (citing *Cal. Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)).  Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The sole claim remaining to be addressed is that seeking declaratory and injunctive relief barring defendants from placing plaintiff in the general population.

A prisoner need not wait until actually being assaulted to obtain injunctive relief concerning serious risks to his or her safety. *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).  To obtain injunctive relief, the plaintiff must show that at the time relief will be granted there is still a serious, present risk to the inmate, and that prison officials are still acting with deliberate indifference to that risk.  *Id.* at 845-47.

Defendants have provided evidence that indicates plaintiff is not currently housed in the general population and will not be housed in the general population in the near future.  Specifically, the declaration of S. Albritton attached to defendant's opposition to plaintiff's motion for a preliminary injunction stated that on August 27, 2008, the Departmental Review Board ordered plaintiff placed in the Security Housing Unit at California State Prison-Corcoran for at least the next two years, and that pending his transfer to the SHU he was being housed in administrative segregation at HDSP, where he had been since January 30, 2009. Accordingly, plaintiff will be in secured housing until at least September 2010.

Given the uncontradicted evidence that plaintiff will be in

5

1  secured housing for at least the next 15 months, he cannot show
2  that he is facing a serious, present risk, and that prison
3  officials are acting with deliberate indifference to that risk.
4  Plaintiff therefore cannot meet the standard for granting
5  injunctive relief and his claim for such relief is dismissed.
6      Plaintiff's claim for declaratory relief relative to his
7  placement in the general population seeks a judgment that
8  "defendant's order to transfer plaintiff to H.D.S.P. (Level IV)
9  Gen. Pop. with a known SNY/P.C. jacket on him violated plaintiff's
10 8th Amendment rights." (Pl. Am. Compl. 7-8). In light of this
11 court's earlier order finding plaintiff had not shown any injury
12 stemming from his one-month stay in the general population,
13 plaintiff's claim for declaratory relief is dismissed.
14      Accordingly, IT IS ORDERED that defendants' motion for summary
15 judgment on plaintiff's claim for injunctive and declaratory relief
16 relating to his placement in the general population is GRANTED.
17 This action is therefore dismissed. The clerk of the court shall
18 enter judgment accordingly.
19      DATED: This 2nd day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE

6